IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-09-408 |
| v. | § | (C.A. No. C-10-0271) |
| | § | |
| FELIPE ASCENCIO GONZALES-<br>HERNANDEZ, | § | |
| | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING MOTION TO
REDUCE SENTENCE PURSUANT TO § 3582(C) AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Felipe Ascencio Gonzales-Hernandez' (Gonzales-Hernandez) motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum and an amended motion to vacate. D.E. 43, 44, 58.[1] Gonzales-Hernandez also filed an affidavit and a motion seeking an evidentiary hearing. D.E. 45, 46. The Court ordered the government to respond. D.E. 47. The government filed its response along with affidavits of defense counsel and an investigating case agent. D.E. 52. Gonzales-Hernandez filed a reply. D.E. 57.

As discussed in more detail herein, the Court concludes that Gonzales-Hernandez' claim is subject to dismissal because he validly waived his right to file it. The Court thus

---

[1] Docket entry references are to the criminal case, Cr. C-09-408.

1

DISMISSES Gonzales-Hernandez' § 2255 motion, DENIES his motion for an evidentiary hearing and DENIES him a Certificate of Appealability. The Court construes Gonzales-Hernandez' amended motion to vacate as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c), but DENIES relief.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

Gonzales-Hernandez was arrested in May 2009 at the Falfurrias, Texas checkpoint after Border Patrol agents discovered 14 bundles of cocaine hidden in secret compartment under the rear seat of his F-150 pick-up truck. D.E. 1. Gonzales-Hernandez first appeared before the Court three days after his arrest at which time he was appointed counsel. Minute Entry 05/04/2009; D.E. 2, 4. The day of his preliminary examination and detention hearing, retained counsel was substituted for appointed counsel. D.E. 6, 7. Gonzales-Hernandez was indicted on May 27, 2009, for possession with intent to distribute more than 5 kilograms of cocaine, approximately 15.8 (gross) kilograms in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). He was arraigned on June 2, 2009. D.E. 10, 12.

### A. Plea Agreement and Rearraignment

In exchange for his guilty plea and his waiver of appellate and § 2255 rights, the government agreed to recommend that Gonzales-Hernandez receive maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. D.E. 17 at ¶¶ 1-2. The plea agreement included the following waiver of Gonzales-

Hernandez' right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

D.E. 17 at ¶ 7 (emphasis in original). The agreement was signed by both Gonzales-Hernandez and his counsel. <u>Id</u>. at 5.

At rearraignment, the Court specifically questioned Gonzales-Hernandez under oath to ensure that his plea was voluntary and knowing. Gonzales-Hernandez testified that he understood the plea agreement and had discussed it with his attorney before signing it. D.E. 49 at 13.

The Court also questioned him to ensure that he understood and was voluntarily relinquishing his right to file a § 2255 motion. The Court admonished Gonzales-Hernandez as follows:

> 15 You are giving up your right to appeal your
> 16 conviction and your sentence, as shown on Page 3, Paragraph 7,
> 17 unless I sentence you above the statutory maximum, which in
> 18 this case would be virtually impossible, since the maximum
> 19 possible punishment is life. You may appeal if I depart upward
> 20 from the guidelines and the Government does not ask me to. But
> 21 those are the only two instances in which you may appeal conviction or
> 22 your sentence to a higher court. Do you
> 23 understand?

>     24 THE DEFENDANT: Yes.
>     25 THE COURT: And did you talk to Mr. Chapa about that
>     before you agreed?
>     2 THE DEFENDANT: Yes.
>     3 THE COURT: And also part of Paragraph 7 on Page 3,
>     4 as I said, is you are giving up your right to file any petition
>     5 or document that would be intended to challenge your conviction
>     6 or modify it or vacate your conviction or your sentence after
>     7 they have become final. Do you understand?
>     8 THE DEFENDANT: Yes.
>     9 THE COURT: And do you want to give up all of these
>     10 rights to appeal, as well as your right to file the petition
>     11 that I discussed with you?
>     12 THE DEFENDANT: Yes.
>     THE COURT: And do you feel well advised?
>     14 THE DEFENDANT: Yes.
>     15 THE COURT: Has anyone promised you what your
>     16 sentence would be?
>     17 THE DEFENDANT: No.
>     18 THE COURT: I find the plea is voluntary. You may
>     19 arraign the Defendant.

D.E. 49 at 14-15.

It is clear from the foregoing that Gonzales-Hernandez' waiver of his § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

Gonzales-Hernandez further testified that he had hired counsel, that he did not want the Court to appoint counsel, that counsel was following his instructions, and he was satisfied with counsel's services. D.E. 49 at 5-6. The Court informed Gonzales-Hernandez of his trial rights, he testified that he understood those rights and understood that if he pled guilty, he would be giving up those trial rights. Id. at 6-8.

The Court explained to Gonzales-Hernandez the maximum punishment that he might

receive. Specifically, the Court informed him that he faced up to life in prison, a minimum mandatory sentence of 10 years, supervised release of at least five years up to the rest of his life, a fine of up to $4 million, and a mandatory special assessment of $100. Id. at 8-10. Gonzales-Hernandez told the Court he understood. Id. at 10. The Court further advised Gonzales-Hernandez that there were only two ways by which he could receive a sentence of less than 10 years, either through safety valve or through substantial assistance. Id. at 9.

Gonzales-Hernandez testified that his plea was voluntary, no one had made him any other agreements or promises not contained in the written plea agreement, and that he had not been threatened or coerced to enter his plea. Id. at 10-11.

**B.  Presentence Investigation Report and Sentencing**

At the conclusion of the rearraignment, the Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report (PSR). D.E. 18. The PSR calculated Gonzales-Hernandez' base offense level at 32 based upon the quantity of drugs, 13.90 kilograms of cocaine, found in his vehicle. PSR (D.E. 22) at ¶ 12. After subtraction for acceptance of responsibility, the total offense level was 29. Id. at ¶ 21.

Gonzales-Hernandez had no previous criminal convictions. Id. at ¶¶ 24. His guideline range was a term of imprisonment of 87 to 108 months with a statutory minimum sentence of 10 years. Id. at ¶¶ 38, 39.

Gonzales-Hernandez' counsel filed objections to the PSR. D.E. 20. Counsel objected to the lack of role reduction on the ground that Gonzales-Hernandez was merely a courier and urged that he was entitled to application of safety valve based upon his lack of prior

criminal record and his truthful debriefing to the government. If Gonzales-Hernandez had received the benefit of safety valve and minor role, he could have been sentenced to 46-57 months, rather than the statutory minimum of 120 months. The Probation Office responded, disputed Gonzales-Hernandez' eligibility for safety valve on the ground that his debriefing was incomplete and objected to minor role. D.E. 24.

At sentencing in July 2010, Gonzales-Hernandez testified that he had received the PSR, his attorney read it to him in Spanish and he agreed that the PSR was correct. D.E. 40 at 3. With regard to safety valve, counsel advised the Court that the AUSA would not agree to safety valve. Id. at 4. Counsel orally urged his written objection that Gonzales-Hernandez be granted a role reduction, which the Court overruled. Id. at 4-5. The Court was informed that the agents who debriefed Gonzales-Hernandez were not satisfied that Gonzales-Hernandez was completely candid with them. Id.

When given an opportunity to speak, Gonzales-Hernandez did not address the allegation that he had not been completely candid during his debriefing. He told the Court he was repentant. Id.

The Court sentenced Gonzales-Hernandez to the statutory minimum sentence of 120 months, followed by a five-year term of supervised release, no fine, and a $100 special assessment. Id. at 6-7. Judgment of conviction and sentence was entered August 24, 2009. D.E. 26. Gonzales-Hernandez was reminded that he waived his right to appeal. Id. at 9.

The Clerk received Gonzales-Hernandez' § 2255 motion on August 12, 2010. D.E. 43. It is timely. [2]

### III. MOVANT'S ALLEGATIONS

In his § 2255 original motion, Gonzales-Hernandez identifies a single ground of relief, that his counsel was ineffective because he failed to challenge the government's assessment of Gonzales-Hernandez' credibility in front of the trial court. Gonzales-Hernandez contends that the result of his sentencing would have been different if counsel had allowed Gonzales-Hernandez to testify at sentencing to convince this Court that he had been candid with the agents during debriefing. In his affidavit and memorandum in support, Gonzales-Hernandez also contends that his counsel failed to make the necessary pretrial investigation and failed to adequately advise Gonzales-Hernandez what was necessary to be eligible for a reduction for safety valve. D.E. 44, 46. Gonzales-Hernandez further asserts that counsel mislead him as to his sentencing exposure by failing to advise him of the statutory minimum sentence of 120 months and that counsel told him he "was looking at 46-57 months."

Gonzales-Hernandez' amended motion to vacate, which was filed March 28, 2011, seeks relief on a totally different issue. Gonzales-Hernandez requests relief pursuant to the amendments to the Sentencing Guidelines that were effective in November 2010, based upon

---

[2] At the time the judgment was entered, Rule 26(a) provided that when calculating time a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." Fed. R. App. P. 26(a)(2). The time for Gonzales-Hernandez to appeal, calculated ten days from the date judgment was entered using Rule 26(a)(2) in effect at the time, expired on September 7, 2009. September 7, 2009, was the deadline for Gonzales-Hernandez to file a timely notice of appeal and was also the date his judgment became final. His motion to vacate was timely because it was filed before September 7, 2010.

cultural assimilation and "any other combination of departures and variances." D.E. 58.

In its response, the government argues that Gonzales-Hernandez' plea was voluntary and his motion is barred in its entirety because of the waiver of § 2255 rights in his written plea agreement. Alternatively, the government argues that Gonzales-Hernandez' claims fail on the merits.

For the reasons set forth herein, the Court concludes that Gonzales-Hernandez' motion is barred by his waiver and that the Court does not have the authority to grant his request for a sentence reduction.

## IV.  DISCUSSION

### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

## B.     Effectiveness of Gonzales-Hernandez' Waiver of Right to File Motion to Vacate

This Court is required to satisfy itself that Gonzales-Hernandez validly waived his right to file a motion to vacate before enforcing the waiver. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (reviewing plea colloquy to ensure defendant properly admonished).

At rearraignment, Gonzales-Hernandez testified that he understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion which is all that is required for his waiver to be enforceable. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Gonzales-Hernandez' statements under oath are entitled to a strong presumption of truthfulness. Id.; United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

The Court finds that Gonzales-Hernandez' plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. See Wilkes, 20 F.3d at 653. Gonzales-Hernandez' claim of ineffectiveness of counsel at sentencing falls within the scope of his waiver and is thus barred from consideration.

## C.     Gonzales-Hernandez' Amended Motion

Gonzales-Hernandez' amended motion (D.E. 58) was filed March 24, 2011, more than six months after the September 7, 2010, deadline to file his motion to vacate. 28 U.S.C. §

2255(f).[3] Thus, his filing is not timely pursuant to § 2255 unless his filing "relates back" to his original motion to vacate. United States v. Saenz, 282 F.3d 354, 356 (5th Cir. 2002); United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) ("as in non-habeas civil proceedings, a party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."). Because Gonzales-Hernandez' amended motion to vacate seeks entirely different relief from his original motion, it does not relate back.

This Court recognizes that "*pro se* habeas petitions 'are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.'" Hernandez v. Thaler, 630 F.3d 420 (5th Cir. 2011) (citing Bledsue v. Johnson, 188 F.3d 250, 255 (5th Cir.1999) and Guidroz v. Lynaugh, 852 F.2d 832, 834 (5th Cir.1988)). A filing by a *pro se* prisoner is "entitled to the benefit of liberal construction. It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." Id.

Although Gonzales-Hernandez titled his March 2011 motion an amended motion to

---

[3] The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

vacate, the relief he seeks, sentence reduction pursuant to the amended Sentencing Guidelines, is properly the subject to a motion pursuant to 18 U.S.C. § 3582(c)(2). The Court construes Gonzales-Hernandez' amended motion to be a motion for sentence reduction pursuant to § 3582(c)(2). Such a motion is not barred by time limitations or by Gonzales-Hernandez' waiver.

The scope of a proceeding under 18 U.S.C. §3582(c)(2) is extremely limited. Dillon v. United States, 560 U.S. ----, 130 S. Ct. 2683, 2687 (2010). "It is black-letter law that a federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Id. However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id.; 18 U.S.C. § 3582(c)(2); see also Freeman v. United States, —U.S. ----, 131 S.Ct. 2685, 2690 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. Dillon, 130 S. Ct. at 2690–91; see 18 U.S.C. § 3582(c)(2); United States. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. Boe, 117 F.3d at 831.

Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment(s) Gonzales-Hernandez seeks to apply must, therefore, be listed in that section. See, e.g., U.S. v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left

to the sound discretion of the trial court. Boe, 117 F.3d at 831.

Amendment 740 now allows a district court to consider cultural assimilation in deciding whether to downwardly depart from a properly calculated Guideline sentence. Amendment 740 does not reduce the applicable Guideline range. Moreover, Amendment 740, is not listed in § 1B1.10(c) and is therefore, not retroactive. In fact, none of the now allowable departures based upon a defendant's personal characteristics that may be considered for post-November 2010 sentencing, were made retroactive. See § 1B1.10(c).

When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). Accordingly, the Court concludes that Gonzales-Hernandez is not entitled to a reduction of sentence.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzales-Hernandez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzales-Hernandez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Gonzales-Hernandez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 43) is DISMISSED, his construed

motion to reduce sentence (D.E. 58) pursuant to 18 U.S.C. § 3582(c) is DENIED, his motion for an evidentiary hearing (D.E. 45) is DENIED, and he is also denied a Certificate of Appealability

    It is so ORDERED this 21st day of September 2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE